STEWART, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 76-AB-985, CA 7011)
561 P2d 648

Norval E. Baran, Oregon Legal Services Corporation, Pendleton Region, Pendleton, argued the cause and filed the brief for petitioner.

Al J. Laue, Assistant Attorney General, argued the cause for respondent Employment Division. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Johns-Manville Sales Corp.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Claimant appeals from a decision of the Employment Appeals Board finding claimant disqualified from benefits under ORS 657.176(2) (a), which provides that an individual shall be disqualified if he has been discharged for "misconduct connected with his work."[1]

Claimant worked as a crew leader in his employer's manufacturing plant from January 8, 1975, until May 3, 1976. On May 4, 1976, he did not report at his regular starting time of 8 a.m., and did not call in to his employer to indicate that he was not going to report until some time between 10 a.m. and 11 a.m. He testified that he overslept. He was discharged for his failure to report for work or to call in, because about two weeks earlier he had received a written warning and a three-day suspension for failure to appear for work which he explained by telling his employer that he had been drinking with some fellow employes.

At the time of his suspension he was warned that if he was again late he would be terminated. When he did not appear at the appointed time on May 3, his superior attempted to contact him on the telephone, but was unable to do so, because claimant, without notifying his employer, had changed his address.

The appeals board concluded:

"Misconduct is found in most instances where an employee is tardy, has been warned that future tardiness will result in his termination, and again fails to report to work on time. The claimant fits well within that definition. Although the claimant contends his tardiness on May 4, 1976 was inadvertent or negligent and should be excused, the record is abundantly clear that he was placed on notice that if he were again tardy or failed to report for work that his separation from work would follow. The claimant had within his grasp the ability to take the proper steps to insure that he appeared for work

---

[1] The administrator and appeals referee had reached the same result.

on time and failed to do so and should therefore suffer the consequences."

Claimant says that at most he was negligent and argues that *Geraths v. Employment Division,* 24 Or App 201, 205, 544 P2d 1066 (1976), and *Babcock v. Employment Div.,* 25 Or App 661, 665, 550 P2d 1233 (1976), hold that misconduct sufficient to disqualify claimant from benefits under the Unemployment Insurance Law must be "an act of wanton or willful disregard of the employer's interest." The thrust of claimant's argument is that negligence is not sufficient. Both *Geraths* and *Babcock* dealt with an intentional rather than an arguably negligent act. However, as we pointed out in *Geraths,* 24 Or App at 205, " 'negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design * * *' " is also misconduct within the meaning of the law. *Balduyck v. Morgan,* 9 Or App 363, 497 P2d 377 (1972), holds that a warning by an employer is a factor in determining whether or not tardiness may constitute misconduct.

Affirmed.