John P. Holtzman, Petitioner *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Respondent.

Argued March 7, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*William C. Knapp*, for appellant.

*David Bianco*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 13, 1977:

John P. Holtzman (claimant) appeals to this Court from an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's disallowance of unemployment compensation benefits and held that Section 402(e) of the Unemployment Compensation Law[1] disqualified him from benefits because of his willful misconduct.

The claimant, who had been employed as an electrical repairman with the U. S. Steel Corporation was discharged for unauthorized absence from work on November 5, 1974. During the five years preceding his discharge, he had taken thirty-two months of sick

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), which provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

leave, much of which was related to his admitted alcoholism, and, after a seven-week period of such sick leave, he had been scheduled to report for work on November 4, 1974. The referee found, and the Board affirmed, that he had properly reported that he would be absent on November 4 because of his involvement in an automobile accident the previous night and that he had then stated that he would report to work the following day. The referee and the Board also found that the claimant not only failed to report to work on November 5 as he had said he would but also did not call to inform the employer of his intended absence until several hours after that day's shift had begun. Specifically, the Board found that "[b]ecause of this final incidence of absence when he had reported on, the claimant was suspended and then discharged."

In reviewing an unemployment compensation case, this Court is confined to a determination as to whether or not the findings of the compensation authorities are supported by substantial evidence and to questions of law, including the question of whether or not an employe's actions constituted willful misconduct. *Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975).

Our careful review of the record reveals sufficient, competent evidence to support the findings of the Board. Although there is conflicting evidence concerning the date on which the claimant stated that he would return to work, the Board chose to accept the employer's evidence on this issue, and it, of course, as the ultimate fact-finder, is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses. *Unemployment Compensation Board of Review v. Wright,* 21 Pa. Commonwealth Ct. 637, 347 A.2d 328 (1975).

The claimant's primary argument is that the Board erred as a matter of law in holding that alcoholism constitutes willful misconduct. The Board, however, specifically found that the act of willful misconduct for which the claimant was discharged and benefits were denied was his absence on November 5 without properly reporting off. And, although a history of alcoholism is indicated in the record, there is no evidence whatever that this unauthorized absence was even related to the claimant's use of alcohol. Furthermore, a representative of the employer testified, and the Board found, that the claimant had been previously and repeatedly warned about unauthorized absences.

We have defined willful misconduct to include "the disregard of standards of behavior which an employer can rightfully expect from his employe." *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168 (1973). Although absenteeism alone does not constitute willful misconduct, absenteeism coupled with warnings about such conduct and a failure to notify the employer according to company rules can disqualify an employe from the receipt of unemployment compensation. *Unemployment Compensation Board of Review v. Rodriguez,* 22 Pa. Commonwealth Ct. 586, 349 A.2d 915 (1976).

We agree with the Board that, in view of the claimant's work history, his failure to report to work on November 5, 1974, constituted a disregard of the standards of behavior which his employer had a right to expect from him. We will, therefore, affirm the Board's decision denying unemployment compensation benefits to John P. Holtzman because of willful misconduct connected with his work.

## ORDER

AND Now, this 13th day of April, 1977, the order of the Unemployment Compensation Board of Review is hereby affirmed.