140

Jay R. Landis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1978, before Judges Crumlish, Jr., Wilkinson, Jr. and Mencer, sitting as a panel of three.

*William Taggart,* for appellant.

*Michael Klein,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., March 3, 1978:

Claimant appeals an adverse determination by the Unemployment Compensation Board of Review (Board) which found he was ineligible for benefits because his discharge from employment was the result of willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant, who had been employed as a press operator for Lord Corporation for 15 years, was discharged for an unauthorized and unreported absence from work on July 16, 1975. When claimant reported for work the following day he explained to his superior that he had overslept. This unauthorized absence was the last of a catalogue of absences. In 1971 claimant was absent 86 days; in 1972, 207 days; in 1973, 180 days; and in 1974, 60 days, three of which claimant failed to report to the employer. During 1971, pursuant to the employer's personnel policy, claimant had two "formal interviews" with his supervisors concerning his unsatisfactory attendance and failure to report absences in an attempt to counsel claimant and improve his performance. On October 3, 1974 a final "formal interview" was held at which time claimant was informed the interview would be held "open" and his performance closely monitored and warned that he would be discharged unless his attendance record improved. From October 3, 1974 up until July 16, 1975 claimant was absent 14 times, notifying his employer on all those occasions that his

absence was due to illness which included a variety of common ailments such as flu, colds, toothaches and diarrhea. Despite this long history of absenteeism claimant told the hearing officer for the Board that he had not been under a doctor's care during this time.

The facts of this case are almost identical to those in *Holtzman v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 525, 372 A.2d 31 (1977) where the claimant had an extensive record of excused absenteeism and was discharged following an unauthorized absence of one day. There we held that where a claimant has a work history of repeated and extensive absences, failure to report to work or notify the employer according to company rules can constitute a discharge for willful misconduct as a disregard of the standards of behavior an employer can rightfully expect from an employee. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

Claimant, however, attempts to distinguish *Holtzman, supra,* by asserting that the operative company rule in this case is a clause in the collective bargaining agreement between the employer and claimant's union which provides that an employee loses seniority if he is absent from work for five consecutive days without authorization. Claimant asserts that this provision was the only rule governing unauthorized absences and that since he did not violate that rule his conduct did not constitute willful misconduct. The difficulty with this assertion is that the hearing officer received this agreement into evidence and heard testimony from the employer regarding its application. The Board, as the ultimate fact-finder, chose to accept the employer's evidence on this issue. *See Unemployment Compensation Board of Review v. Wright*, 21 Pa. Commonwealth Ct. 637, 347 A.2d 328

(1975). It is clear from the record that this provision in the collective bargaining agreement was not the only company rule or policy related to unauthorized absences in view of the employer's established and apparently well-defined policy of counseling and warning employees of unsatisfactory attendance records. Indeed, this provision of the collective bargaining agreement is one subparagraph of four subparagraphs dealing exclusively with seniority. Neither that paragraph nor any other paragraph of the agreement deals with discharge for absenteeism. Therefore, it does not apply at all in this case. For these reasons we also conclude that there is no inadequacy in the Board's findings of fact.

Accordingly, we will enter the following

## ORDER

AND Now, March 3, 1978, the order of the Unemployment Compensation Board of Review, Decision No. B-137685, dated December 1, 1976, is hereby affirmed.