John W. Blefko, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, April 27, 1979:

John W. Blefko (claimant) was denied unemployment compensation benefits by the Unemployment Compensation Board of Review (Board) on the basis that he was guilty of willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

As an employee of the Donnelly Printing Company (employer), claimant developed a history of excessive tardiness and *other violations of work rules.* Claimant was warned about these infractions and placed on probation.[1] Claimant was specifically told, on January 11, 1977, that future tardiness could lead to his immediate discharge. Nevertheless, on April 29, 1977, he was absent from work and failed to call in to report his absence. He was subsequently discharged.

---

[1] Claimant attempts to characterize the warnings he received as being for tardiness only, but the referee found, and the record shows, that claimant was also warned about being unnecessarily absent from his work station as well as for other aspects of his conduct.

It is clear to us that an employee on probation who fails to report to work or to call in to explain his absence is guilty of willful misconduct. *See, e.g., Azar v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 23, 382 A.2d 995 (1978) (employee who knows job is in jeopardy but fails to report reason for absence in proper manner is guilty of willful misconduct) ; *Landis v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 140, 382 A.2d 1281 (1978). Claimant's attorney ably argues that claimant was not on probation for unexcused *absences,* but for *tardiness.* The only reason claimant gave for being absent, however, was that he slept through his entire scheduled shift, 12 midnight to 8 a.m. When claimant went to bed, he knew that he could well be discharged if he overslept even slightly, but he nevertheless failed to awake in time and, as a result, failed to report to work at all. His absence was, if anything, more serious in nature than simple tardiness. Although claimant's conduct had improved in the preceding 3½ months, he knew, or should have known, that his job was still in jeopardy, and he should therefore have taken extra precautions to insure reporting to work on time. Having failed to do so, he cannot now complain that he had no notice of the possible consequences of his failure.

Claimant's argument that his discharge was in violation of the employer's policy not to discharge employees for only one unexcused absence must fail because claimant was not discharged simply for the one absence. *See Roebuck v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 491, 382 A.2d 482 (1978). For the same reason, claimant's reliance on cases involving only a single, minor incident of misconduct, *e.g., Williams v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977), is misplaced.

### ORDER

AND Now, this 27th day of April, 1979, the order of the Unemployment Compensation Board of Review, dated November 28, 1977, affirming a referee's denial of unemployment compensation benefits to John W. Blefko, is hereby affirmed.