Albert R. CLARK, Petitioner-Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE and General Thermo, Inc., Respondents-Appellees.

No. 2–66368.

Court of Appeals of Iowa.

Jan. 26, 1982.

Lois Cox of Legal Services Corp. of Iowa, Iowa City, for petitioner-appellant.

Walter F. Maley, Blair H. Dewey and Joseph L. Bervid, Des Moines, for respondents-appellees.

DONIELSON, Judge.

Petitioner appeals from the district court decision on judicial review affirming his disqualification from receipt of unemployment benefits. Petitioner asserts that: (1) the record evidence was insufficient to support the conclusion that he was fired for misconduct; and (2) he was denied his due process right to an impartial tribunal when the hearing officer also acted as an advocate for the agency in other unrelated cases. We affirm.

I.

Petitioner was employed by General Thermo, Inc. from July 5, 1978, to February 25, 1980. On October 18, 1979, more than four months prior to his discharge, petitioner was given a warning for unexcused absences. In three subsequent incidents which ultimately led to petitioner's dismissal, petitioner's requests for permission to be absent were denied, but despite the lack of permission he was late to work in the first instance and failed to report for work in the two other instances. Petitioner requested absences for the following reasons: (1) to get his glasses repaired; (2) for "important personal business;" and (3) for a "family problem." Petitioner refused to give any more specific reasons than specified above for requests (2) and (3). The record, however, indicates that the "important personal business" was an interview for another job.

A claims deputy denied petitioner's claim for unemployment benefits on the ground that he had been fired for misconduct. This decision was affirmed on appeal by a hearing officer, the agency appeal board, and the district court on judicial review. Before the agency appeal board and the district court, petitioner unsuccessfully argued that he was denied his due process right to an impartial tribunal when the agency hearing officer also acted as an advocate for the agency in other unrelated cases.

II.

Petitioner asserts that the record made before the agency, when viewed as a whole, lacks substantial evidence to support the agency's conclusion that petitioner was discharged for misconduct, as defined by applicable Iowa law. We disagree.

In section 370–4.32(1), IAC, misconduct is defined as:

... a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards or behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

On October 18, 1979, petitioner was warned about unexcused absences. In the three subsequent incidents outlined in section I of this opinion, petitioner was either tardy or absent from work despite the fact that he was given advance warning that his absences would be unexcused. Petitioner's actions were not good faith errors in judgment or discretion. We find this is sufficient evidence of misconduct to affirm the agency's decisions.

## III.

Petitioner also asserts that his due process rights were violated when his claim for job insurance benefits was adjudicated by a hearing officer who has acted as an advocate for Job Services in other unrelated cases. We disagree with this assertion for two reasons.

First, rule 370–6.3(2)(b)(1), IAC, provides that:

Challenges to the interest or prejudice of the hearing officer may be made at any time prior to the issuance of a final decision either in writing or orally if made at the hearing.

We find that petitioner's objection is untimely because he failed to challenge the hearing officer either during the hearing or prior to the issuance of the final decision.

Second, even if petitioner's challenge was timely asserted, we find that there is no showing that the agency's policy of using its advocates as hearing officers during periods of low appeals is in any way improper. The practice in this case is easily distinguished from *Huber Pontiac, Inc. v. Allphin*, 431 F.Supp. 1168 (S.D.Ill.1977), vacated on other grounds, 585 F.2d 817 (7th Cir. 1978), where Illinois state internal revenue agents acted as both prosecutor and adjudicator in the *same case*. In the instant case, we fail to see any prejudice to petitioner due to the fact that the agency uses the hearing officer as an advocate in *other unrelated cases*. We will not penalize the agency for trying to provide hearing officers with a specialized form of on-the-job training or for making efficient use of its personnel.

AFFIRMED.