Richard E. FLOYD, Petitioner-Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE and Robintech, Inc., Respondents-Appellees.

No. 2–68948.

Court of Appeals of Iowa.

Aug. 30, 1983.

Diane L. Dornburg, Des Moines, for petitioner-appellant.

Walter F. Maley, Blair H. Dewey, and Joseph L. Bervid, Des Moines, for respondents-appellees.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL, and HAYDEN, JJ.

DONIELSON, Judge.

Petitioner appeals from the district court's decision on judicial review affirming

respondent-agency's decision disqualifying him from receipt of unemployment benefits. He asserts that substantial evidence does not exist in the record to support the conclusion that he was discharged for misconduct. We agree with petitioner, and reverse the district court's decision.

Petitioner was employed full time as a machine tender at Robintech, Inc. On his first scheduled work day following a vacation, petitioner became ill and did not report for work. The following day he brought a doctor's excuse which indicated that he had scarlet fever. The excuse was accepted by his supervisor. After working for a short period of time, petitioner became too ill to continue working. He explained to his supervisor that he had scarlet fever, and that his doctor told him that the fever could last anywhere from one day to three weeks. Petitioner was given permission to go home.

Petitioner missed three days of work. Testimony indicates that he was seriously ill and was under the care of a visiting nurse. Because he had no telephone at his home, he was unable to call his employer. On one of the days he was absent, he sent word with one of his co-workers, however his supervisor did not receive the message.

Petitioner returned to work with a doctor's excuse for his absences. He was informed at that point that he had been terminated for absenteeism. Petitioner filed a claim for unemployment compensation benefits, and his employer protested the claim. The claims deputy disqualified petitioner from receipt of benefits based upon a finding that he had been discharged for unexcused absenteeism. Although the hearing officer reversed the decision of the claims deputy on appeal, that decision was reinstated by the Appeals Board and affirmed on judicial review by the district court.

## I.

In cases arising out of the Iowa Administrative Procedure Act, our scope of review is limited to the correction of errors in law. Iowa Code § 17A.20, *Foods, Inc. v. Iowa Civil Rights Commission,* 318 N.W.2d 162,

165 (Iowa 1982). When we review decisions of the district court which it rendered in its capacity as an appellate body under § 17A.19, the sole issue for us to determine is whether or not the district court correctly applied the law. "In order to make that determination, this court applies the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court." *Jackson County Public Hospital v. Public Employment Relations Board,* 280 N.W.2d 426, 429–30 (Iowa 1979).

## II.

Iowa Code § 96.5(2) provides that a claimant is disqualified from receipt of unemployment compensation benefits "[i]f the department finds that the individual has been discharged for misconduct in connection with the individual's employment" The Iowa Code does not define what is meant by "misconduct," however, the Department has defined it as:

A deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

370 I.A.C. 4.32(1). This definition has been accepted by the Iowa Supreme Court as an accurate reflection of the intent of the legislature. *Huntoon v. Iowa Department of Job Services,* 275 N.W.2d 445, 448 (Iowa 1979). The sole issue for us to determine is whether the Department erred in holding that petitioner's conduct constituted "misconduct" as that term is defined in the Iowa Administrative Code.

### III.

Although excessive absenteeism may constitute legitimate grounds for an employee's discharge, it is clear that excessive absences do not constitute "misconduct" unless they are unexcused. *Cosper v. Iowa Department of Job Service,* 321 N.W.2d 6, 10 (Iowa 1982). In the present case, petitioner was stricken with a bout of scarlet fever which caused him to miss several days of work. Both times when he returned to work he tendered a doctor's note to his supervisor which explained his absence. His employer knew that he was ill, and had fair warning that petitioner might be absent for an extended period of time due to that illness. Petitioner's illness was not a ruse, and we do not find that his absences were unexcused. We need not point out that petitioner did not choose to be ill, and we cannot say that his absences due to his illness manifested any "willful or wanton disregard" of his employer's interests.

Respondents argue that the finding of "misconduct" was not based upon petitioner's absence, but rather was based upon his failure to report to his supervisor each day prior to his shift that he would be absent that day. We do not agree that such a failure constitutes "misconduct" in the present case. Petitioner does not have a telephone, and during the course of his illness he was bedridden due to a very high fever. As we have pointed out before, "misconduct connotes volition. A failure in good performance which results from inability or incapacity is not volitional and is thus not misconduct." *Huntoon,* 275 N.W.2d at 448. We additionally note that

respondent-employer permitted petitioner to present a doctor's note on the day following his first absence without insisting that an excuse be tendered prior to the absence. Respondent-employer knew that petitioner had no telephone, and should have known that due to the nature of his illness petitioner would not be able to go elsewhere to use a phone.

We note that the Department has placed the burden of proving allegations of misconduct upon the employer. 370 I.A.C. 4.32(4). Moreover, we interpret the provisions of the Employment Security Law liberally to achieve the legislative purpose of minimizing the burden of involuntary unemployment. *Cosper,* 321 N.W.2d at 10. The evidence before this court does not prove misconduct as that term has been defined by the Department in its own rules. The decision of the district court and the decision of the Department of Job Service is accordingly reversed.

REVERSED.