Barbara L. HIGGINS, Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE and United Parcel Service, Appellees.

No. 83–849.

Supreme Court of Iowa.

June 13, 1984.

Robert C. Oberbillig, Des Moines, for appellant.

Blair H. Dewey, Walter F. Maley, and Edmund Schlak, Jr., Des Moines, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN and CARTER, JJ.

McGIVERIN, Justice.

In this appeal we must consider whether there is substantial evidence in the record as a whole to support the decision of respondent Iowa Department of Job Service disqualifying petitioner from receiving unemployment benefits. The disqualification was based on petitioner's alleged misconduct arising out of her record of persistent absences and tardiness which led to her discharge by her employer. On judicial review, the district court ruled in favor of Job Service. The court of appeals affirmed the district court by operation of law in a

three-to-three decision. Having found substantial evidence in the record to support the agency's decision, we also affirm.

Petitioner Barbara L. Higgins was employed by United Parcel Service (UPS) as a rewrap clerk between August 27, 1979, and June 2, 1982. After January 1, 1982, Higgins compiled the following absenteeism record:

| | | |
|---|---|---|
| 1–05–82 | absent | sick |
| 1–08–82 | late | .05 |
| 1–15–82 | absent | car trouble |
| 1–28–82 | absent | sick |
| 3–17–82 | absent | sick |
| 3–18–82 | absent | sick |
| 3–24–82 | absent | off job injury |
| 3–25–82 | absent | off job injury |
| 3–26–82 | absent | off job injury |
| 3–30–82 | late | .01 no reason |
| 4–15–82 | late | .40 babysitter was late |
| 4–16–82 | absent | no call, no show (overslept) |
| 5–24–82 | late | .02 babysitter was late |
| 6–02–82 | late | .15 overslept |

After Higgins failed to report to work on April 16, she was placed on probation for thirty days effective April 26. This action was preceded by a conference between petitioner and her supervisor on April 19, when a written record of her absences and tardiness was reviewed by them. The written notice of probation also warned Higgins to "be on time every day in the future and in attendance every day to avoid further disciplinary action." On June 2, Higgins was fifteen minutes late for work because she overslept.

On June 3, 1982, petitioner's employer phoned and advised her not to report to work and then formally notified her of her termination by written notice the next day, June 4.

Higgins then applied for unemployment benefits with the Iowa Department of Job Service. She attached to her application a comprehensive list of her absences which included those enumerated above.

UPS protested the payment of benefits, Iowa Code section 96.6(2), on the basis that she was fired for misconduct arising out of an extensive record of absenteeism and tardiness. After a hearing and intra-agency review, Job Service ultimately decided that Higgins was discharged for misconduct and thus was disqualified from receiving unemployment benefits in accordance with section 96.5(2). During the hearing, a representative of UPS testified as to petitioner's absences by reading from the April 19 document that had notified Higgins and her supervisor that she was on probation and warned Higgins of the consequences of continued absenteeism. The document, which was in the Job Service file, listed Higgins' absences through April 16. The UPS representative also noted that Higgins was late for work on May 24. The June 2 tardiness was admitted by Higgins in the document she filed with Job Service. The hearing officer did not specifically refer to the latter tardiness in his decision ultimately finding misconduct.

Higgins sought judicial review pursuant to Iowa Code section 17A.19. After a hearing, the district court ordered the case remanded to the agency to review the case and determine whether or not the petitioner's tardiness on May 24 was excused or unexcused.

The agency found Higgins' May 24 tardiness was unexcused and reported such finding to the district court as directed. After further hearing and argument, the court entered its decision and judgment affirming the action of Job Service. On appeal by petitioner, an equally divided court of appeals affirmed the district court's decision by operation of law.

We granted further review of the case.

I. *Misconduct.* Iowa Code section 96.5 provides that "[a]n individual shall be disqualified for benefits ... (2) [i]f the department finds that the individual has been discharged for *misconduct* in connection with the individual's employment...." (Emphasis added.)

"Misconduct" has been defined by 370 Iowa Admin.Code § 4.32(1)(a) to mean:

a. *Misconduct* is defined as a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Mis-

conduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

This general definition of misconduct was approved by this court in *Huntoon v. Iowa Dept. of Job Service*, 275 N.W.2d 445, 448 (Iowa), *cert. denied*, 444 U.S. 852, 100 S.Ct. 105, 62 L.Ed.2d 68 (1979), because it "accurately reflects the intent of the legislature."

More specifically, in regard to absenteeism as grounds for misconduct, we held in *Cosper v. Iowa Dept. of Job Service*, 321 N.W.2d 6, 10 (Iowa 1982), that "excessive absences are not misconduct unless they are unexcused." That holding was expressly adopted by a subsequently enacted department rule which provides:

> *Excessive unexcused absenteeism.* Excessive unexcused absenteeism is an intentional disregard of the duty owed by the claimant to the employer and *shall be considered misconduct except for illness or other reasonable grounds* for which the employee was absent *and that were properly reported* to the employer.
>
> . . . .
>
> This rule is intended to implement Iowa Code section 96.5 and Supreme Court of Iowa decision, Sheryl A. Cosper

vs. Iowa Department of Job Service and Blue Cross of Iowa.

370 Iowa Admin.Code § 4.32(7) (emphasis added). This rule accurately incorporates our holding in *Cosper* and provides additional guidelines for determining "misconduct" on an individual case basis.[1] *See generally* 76 Am.Jur.2d *Unemployment Compensation* § 58 (1975); Annot., 58 A.L.R.3d 674 (1974).

We note for the sake of clarity that the use of the term "absenteeism" or "absence" also encompasses conduct of an employee that is more accurately referred to as "tardiness." As traditionally used in the area of employment, the term "absent" refers to an employee who has missed a full day's work whereas the term "tardy" means an employee who reports to work late. As a practical matter, an absence is an extended tardiness and a tardiness is a limited absence. In any event, we believe the terms "absenteeism" and "absences," as used in *Cosper* and in 370 Iowa Admin. Code § 4.32(7), were intended to refer to the time in which an employee is not at work when he or she is scheduled and expected to be there, irrespective of the length of such time.

We must determine, therefore, whether there is substantial evidence in the record as a whole to support the agency's finding that Higgins was discharged for "misconduct" arising out of "excessive unexcused absenteeism."

II. *Sufficiency of the evidence.* The substantial evidence rule requires us to review the record as a whole to determine whether there is sufficient evidence to support the decision of the agency. Iowa Code § 17A.19(8)(f); *Woodbury County v. Iowa Civil Rights Commission*, 335 N.W.2d 161, 164 (Iowa 1983).

Petitioner initially argues that we should not consider her June 2 absence because "an *issue* not relied upon by the agency at the agency level in making its determination nor raised at the district

1. We do not rely on the new rule 4.32(7) in this decision because it is *ex post facto,* however, it

accurately states the law in existence after Cosper which is controlling in this case.

court level by the agency, cannot be raised for the first time on appeal...." (Emphasis added.)

Petitioner's contention is without merit, however, because her June 2 tardiness is not an issue in this case but rather a factual component of the record. Petitioner inserted this particular tardiness into the record herself when she attached a list of her absences to her application for unemployment benefits. Our scope of review encompasses a review of the entire record, *id.,* which in this case includes petitioner's June 2 tardiness. The fact that the hearing officer and district court did not mention petitioner's June 2 tardiness in their decisions does not expunge this fact from the record. "[W]e must apply the substantial evidence test to the entire record, not just the hearing officer's findings...." *Id.* at 165.

We first note that petitioner is not to be penalized for "illness or other reasonable grounds ... that were properly reported to the employer." 370 Iowa Admin. Code § 4.32(7). Thus, petitioner's absences resulting from sickness or injuries are not to be considered against her. Petitioner's record thus discloses seven instances of absenteeism resulting from personal problems or predicaments other than sickness or injury. Those include oversleeping, delays caused by tardy babysitters, car trouble, and no excuse.

Petitioner does not, nor could she in good faith, argue that oversleeping is an excusable reason for absenteeism. Oversleeping cannot be deemed a "reasonable ground" for missing work. *See Blefko v. Unemployment Compensation Board of Review,* 42 Pa.Commw. 312, 400 A.2d 916 (1979) (employee on probation who failed to report to work on time because he overslept was found guilty of willful misconduct); *Parker v. Ramada Inn,* 264 Ark. 472, 572 S.W.2d 409 (1978) (employee's single incident of missing work due to oversleeping amounted to a violation of standards of behavior that employer had a right to expect and it thus constituted "misconduct" disqualifying employee from un-

employment compensation benefits); *Stewart v. Employment Division,* 28 Or.App. 779, 561 P.2d 648 (1977) (employee's tardiness due to oversleeping held to be "misconduct" when occurring after warning by employer that further tardiness would result in his termination).

The agency specifically found that petitioner's absenteeism caused by babysitter problems was unexcused. We note that absenteeism arising out of matters of purely personal responsibilities such as child care and transportation have been held not excusable. *See Oldynski v. Unemployment Compensation Board of Review,* 57 Pa. Commw. 285, 426 A.2d 213 (1981) (extended absenteeism caused by loss of automobile from an accident did not show good cause and thus amounted to willful misconduct); *Spence v. Unemployment Compensation Board of Review,* 48 Pa.Commw. 204, 409 A.2d 500 (1979) (absenteeism resulting from car trouble, babysitting problems, and a washing machine breakdown amounted to chronic tardiness sufficient to sustain a finding of willful misconduct); *Scheel v. Unemployment Compensation Board of Review,* 42 Pa.Commw. 609, 401 A.2d 417 (1979) (claimants repeated excuse of car problems over an eight month period was not proper justification for her persistent tardiness and thus constituted misconduct); *Castillo v. Florida Department of Commerce,* 253 So.2d 162 (Fla.App.1971) (employee's absenteeism resulting from "personal problems of his own making" amounted to misconduct); *Hillsborough County Dept. of Emergency Medical Services v. Unemployment App. Comm.,* 433 So.2d 24, 25 (Fla.App.1983) ("Continued absenteeism caused by personal problems for which an employee bears culpability amounts to misconduct per se.") (employee was absent from work because he was in jail for failing to pay court ordered child support); *Sanchez v. Unemployment App. Comm.,* 411 So.2d 313, 314–15 (Fla.App. 1982) ("Unauthorized absence from work for personal reasons not of a critical nature may comprise employee misconduct justifying a refusal of compensation.") (employee

was absent because he underwent elective surgery to repair a deviated septum).

It is noteworthy that UPS warned petitioner on April 19 that continued absenteeism would result in further disciplinary action. "Habitual tardiness, particularly after warning that a termination of services may result if the practice continues, is grounds for one's disqualification." *Spence*, 48 Pa.Commw. at 207, 400 A.2d at 917. *See Stewart*, 28 Or.App. at 781, 561 P.2d at 649; Annot., 58 A.L.R.3d 674, 751 (1974). *See also* 370 Iowa Admin.Code § 4.32(8) (past acts and warnings can be used to determine the *magnitude* of a current act of misconduct). In regard to 370 Iowa Admin.Code § 4.32(8), we note that the determination of whether "unexcused absenteeism" is "excessive" necessarily requires the consideration of past acts and warnings.

We conclude the evidence in the record is sufficient to support the agency's finding that petitioner's absenteeism amounted to "excessive unexcused absenteeism" and thus "misconduct." The agency decision therefore properly disqualified petitioner from receiving unemployment benefits pursuant to Iowa Code section 96.-5(2). The district court judgment and the court of appeals decision upholding the agency decision are hereby affirmed.

AFFIRMED.