Kristi **INFANTE**, Petitioner-Appellant,

v.

**IOWA DEPARTMENT OF JOB SERVICE and Good Shepherd Geriatric Center, Inc., Respondents-Appellees.**

No. 84–104.

Court of Appeals of Iowa.

Dec. 26, 1984.

Ray Cebula, Mason City, for petitioner-appellant.

Walter F. Maley, Blair H. Dewey, and Joseph L. Bervid, Des Moines, for respondent-appellee agency.

J. Mathew Anderson of Laird, Burington, Heiny, McManigal, Walters & Winga, Mason City, for respondent-appellee employer.

Considered by OXBERGER, C.J., and SNELL and HAYDEN, JJ.

SNELL, Judge.

Pursuant to company policy, petitioner was discharged from her employment as a nurse's aide after receiving three written warnings within a nine-month period concerning performance of her job. The warning criteria were fixed by the union contract. A hearing officer awarded her unemployment benefits; however, respondent agency disqualified her from receipt of such benefits on the ground that her discharge was for misconduct. This was affirmed on judicial review.

The first warning was for failure to follow a nurse's instruction that a patient should be confined to bed. The patient was injured in a fall while being escorted to a restroom by petitioner. Petitioner testified that she had misinterpreted the nurse's instruction to mean that confinement to bed was necessary only during mealtime.

The second warning was for failure to properly complete her duty to clean utensils and wheelchairs. Petitioner testified that the only cleaning duty that she did not complete was the cleaning of one wheelchair that was so rusty that it could not be cleaned using normal cleaning procedures.

The third and final warning was for excessive tardiness and absenteeism culminating in an incident of three-minute tardiness followed by a one-minute incident of tardiness three days later.

Our task is to review the district court decision and determine whether the district court correctly applied the law. *Budding v. Iowa Dept. of Job Service*, 337 N.W.2d 219, 221 (Iowa Ct.App.1983). We must determine whether the agency action is supported by substantial evidence and comports with the applicable rules of law. *Zeches v. Iowa Dept. of Job Service*, 333 N.W.2d 735, 736 (Iowa Ct.App.1983). We do not question the employer's right to terminate the petitioner's employment. Our sole task is to determine whether the employee is entitled to unemployment benefits.

A person who is discharged for misconduct in employment is disqualified from receiving unemployment benefits. Iowa Code § 96.5(2)(a) (1983). The issue is whether the petitioner committed misconduct as that term is defined by Iowa Code section 96.5(2) and 370 Iowa Administrative Code section § 4.32(1).

Misconduct has been defined as follows:

Misconduct is defined as a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or carelessness or negligence of such degree of recurrence as to manifest equal culpability wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. On the other hand, mere inefficiency, unsatisfactory conduct, failure in good performance as a result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or in good faith errors in judgment or discretions are not to be deemed misconduct within the meaning of the statute.

370 Iowa Admin.Code § 4.32(1).

The employer has the burden of proving misconduct. 370 Iowa Admin.Code § 4.32(4). *Billingsley v. Iowa Dept. of Job Service*, 338 N.W.2d 538, 540 (1983). In

this case, the employee was given three warnings for violations of the employer's policies. She was terminated after receiving the third warning. The employer claims that these three violations constitute misconduct sufficient to deny unemployment benefits.

In order to establish misconduct that will disqualify petitioner from benefits, the employer must prove acts by petitioner culminating in discharge that satisfy the administrative code definition. 370 Iowa Admin. Code § 4.32(1). Thus the acts must be such as to show:

1. Willful and wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees.
   or
2. Carelessness or negligence of such degree of recurrence as to
   A. Manifest equal culpability, wrongful intent or evil design
   or
   B. Show an intentional and substantial disregard of
   1. The employer's interest
   or
   2. The employee's duties and obligations to the employer.

370 Iowa Admin.Code § 4.32(1).

■ Conduct that is not sufficiently culpable to be deemed misconduct as here defined may be due to:

1. Inefficiency
2. Unsatisfactory conduct
3. Failure in good performance as a result of
   a. Inability or incapacity
   b. Inadvertencies
   c. Ordinary negligence in isolated instances
   d. Good faith errors in judgment or discretion

*Id.* Misconduct therefore connotes some deliberate act or omission or carelessness as to indicate wrongful intent. *Billingsley,* 338 N.W.2d at 540. A failure in good performance which results from inability or incapacity is not volitional and is thus not misconduct. *Huntoon v. Iowa Dept. of Job Service,* 275 N.W.2d 445, 448 (Iowa 1979).

■ In the instant case, petitioner got a patient out of bed and tried to ambulate her to the bathroom. The patient's leg collapsed and it was necessary to summon help to get her back to bed. Petitioner was warned of possible discharge for this conduct. The employer submitted the affidavit of a supervisor stating that she had told the respondent not to remove the patient. However, the respondent testified that she understood the supervisor's order to be that she was not to get the patient up for breakfast.

The agency and the district court accepted the employer's version that the instruction was clearly given that the patient was to remain in bed. We agree that there is substantial evidence to support this result. Nevertheless, we do not find this to be legal misconduct. Petitioner testified as to a good faith misunderstanding of the order. Regarding culpability, the record shows her saying, "I would've not ever hurt any of the patients by doing something on my own judgment. If the nurse would've told me that the patient should not be getting out of bed I would've not taken her out of bed." Petitioner could have caused serious injury to the patient by failing to find out and understand the employer's instructions about her care. Her actions constituted "unsatisfactory conduct," but not "misconduct."

■ A second warning was given petitioner for improperly cleaning a room, utensils, and a wheelchair. Petitioner asserts she had cleaned the area properly excepting for the wheelchair which was rusty and could not be cleaned of rust with her supplies. The agency found the work had not been done; the district court found substantial evidence to support this conclusion, and we agree. But here again is conduct falling short of legal misconduct as defined by the statutes and the administrative code. There is no deliberate violation

or disregard of standards of behavior which the employer has a right to expect. Nor is there carelessness or negligence manifesting wrongful intent or evil design or an intentional disregard of the employer's interest. What is shown is failure in good performance as a result of inability and good faith errors in judgment or discretions.

The third warning to petitioner which resulted in her discharge on August 20, 1982, asserted petitioner was excessively absent and tardy in reporting for work. In 1981 she was absent thirteen days and in 1982 fifteen days due to sickness. Additionally, in 1982 she was absent five days. The tardiness occurred twice when she punched in on her time card three minutes late and one minute late within a four-day period. Petitioner explained her tardiness that since she could punch in five minutes early she thought it was all right if she was a few minutes late.

■ Since the record does not otherwise indicate, we deem the absences for sickness to be excused. Excessive absenteeism caused by an incapacitating illness or other reasonable grounds for which the claimant is excused is not misconduct under 370 Iowa Administrative Code section 4.32(1). *Cosper v. Iowa Dept. of Job Service*, 321 N.W.2d 6, 9 (Iowa 1982); *Floyd v. Iowa Dept. of Job Service*, 338 N.W.2d 536, 538 (Iowa Ct.App.1983).

Section 370–4.32(8) Iowa Admin.Code provides:

> While past acts and warnings can be used to determine the magnitude of a current act or misconduct, a discharge for misconduct cannot be based on such act or acts. Determination of employment must be based on current acts.

370 Iowa Admin.Code § 4.32(8).

■ The acts for which petitioner was ultimately discharged were for arriving for work one and three minutes late. Standing alone, these do not constitute misconduct. But according to the Iowa Department of Job Service, misconduct is still established because this was the third and final warning. Section 370–4.32(8) is cited for support. However, since we find that neither of the events resulting in the first two warnings constituted legal misconduct, the impetus is not thereby provided to elevate the third warning or the whole to the status of misconduct.

Respondent employer also argues that petitioner's discharge is based on the five days' absenteeism as well as the tardiness. Section 370–4.32(7) is cited, which provides:

> Excessive unexcused absenteeism is an intentional disregard of the duty owed by the claimant to the employer and shall be considered misconduct except for illness or other reasonable grounds for which the employee was absent and that were properly reported to the employer.

■ We note that neither the hearing officer nor the appeal board found that petitioner's discharge was based on unexcused absences. Nevertheless, our scope of review encompasses a review of the entire record and is not limited to the agency's findings. *Higgins v. Iowa Dept. of Job Service*, 350 N.W.2d 187, 191 (Iowa 1984). Petitioner's record of five unexcused absences in 1982 is apparently unchallenged. Additionally, on May 20, 1982, she was late for work and was verbally warned for tardiness on June 12, 1982. The two incidents of tardiness that triggered her final warning on August 20, 1982, for excessive tardiness and absenteeism occurred on August 11th and 14th. Thereafter, she was discharged.

Absenteeism includes conduct that is more accurately described as tardiness. As a practical matter, an absence is an extended tardiness and a tardiness is a limited absence. *Higgins*, 350 N.W.2d at 190. In *Higgins*, the supreme court construed the terms "absenteeism" and "absences" as used in 370 Iowa Administrative Code, section 4.32(7) to refer to the time in which an employee is not at work when he or she is scheduled and expected to be there, irrespective of the length of such time. The court further noted that the determination of whether "unexcused absenteeism" is "excessive" necessarily re-

quires the consideration of past acts and warnings.

The employee in *Higgins* had seven incidents of absenteeism. These were two absences for car trouble and oversleeping and five times when she was late for work. The tardinesses were of one minute, two minutes, five minutes, fifteen minutes, and forty minutes. This record was held sufficient to support the agency's finding of misconduct for excessive unexcused absenteeism.

In *Harlan v. Iowa Dept. of Job Service*, 350 N.W.2d 192 (Iowa 1984), the employee was twice warned for being tardy to work. Subsequently, she arrived for work ten times from ten to sixty minutes late. Although these incidents were the result of late buses that the employee used, misconduct was established. The court held that habitual tardiness or absenteeism arising from matters of purely personal responsibilities such as transportation can constitute unexcuseable misconduct.

Four months before discharge, the employee in *Clark v. Iowa Dept. of Job Service*, 317 N.W.2d 517 (Iowa Ct.App.1982), was warned for unexcused absences. His discharge occurred when he reported late once and twice failed to report for work after being denied permission to be absent. This court held that this was sufficient evidence of misconduct.

In the case at bar, the record shows five absences and three times of reporting late, all unexcused. Regarding its affect on the employer, Good Shepherd Geriatric Center, Inc., the assistant administrator, Mike Szejda, testified: "And this type of behavior thus causes a hardship on her coworkers and hinders the patient care that needs to be given."

Based on the entire record, we hold that sufficient evidence of excessive unexcused absenteeism is present to constitute misconduct under section 370-4.32(7). The district court decision upholding the agency's denial of benefits is affirmed.

AFFIRMED.

All Judges concur, except OXBERGER, C.J., who dissents.

OXBERGER, Chief Judge, (dissenting).

I dissent. The majority states: "The acts for which petitioner was ultimately discharged were for arriving for work one and three minutes late." I do not find this conduct shows "manifest equal culpability, wrongful intent or evil design nor an intentional and substantial disregard of employer's interest or employee's duties to the employer."