**CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Appellant,**

v.

**GOLDEN SUN FEEDS, INC. and Iowa Department of Transportation, Appellees.**

No. 89–1220.

Court of Appeals of Iowa.

Sept. 26, 1990.

S.P. DeVolder of Gamble, Riepe, Webster, Davis & Green, Des Moines, for petitioner-appellant.

Harold W. White of Fitzgibbons Bros., Estherville, for respondent-appellee Golden Sun Feeds.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Deputy Atty. Gen., and Ted Metier, Asst. Atty. Gen., for respondent-appellee Iowa DOT.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

In 1975 Golden Sun Feeds, Inc. (GSF) entered into an agreement with the Chicago, Rock Island and Pacific Railroad (the predecessor of Chicago and North Western Transportation Company—CNW) to have a switch and spur track constructed to service its facility in Estherville, Iowa. GSF spent over $150,000 on this project. After 1981 GSF received a declining number of carloads over the track. In 1984, 1985, and 1986 it received no rail shipments and, in 1987, GSF received ten rail cars in order to test the cost as compared to truck shipments.

CNW filed a request in 1987 with the Iowa Department of Transportation, Rail and Water Division (DOT) seeking to discontinue service to GSF pursuant to Iowa Code section 327G.64(3). In making its determination of whether to grant an application to discontinue service or remove a spur track, section 327G.64(3) requires the DOT to "consider the location, necessity and expense of maintaining such track and other equitable considerations." A hearing officer of the Iowa Department of Inspections and Appeals denied CNW's application. CNW appealed that order. The DOT upheld the hearing officer's decision denying CNW's request.

CNW filed a petition for judicial review. The district court emphasized the equitable considerations of the case, including GSF's investment of approximately $151,100 for track and equipment and its intention to use rail service again if rates became more competitive, and affirmed the decision of the DOT. CNW now appeals.

CNW contends that the decision of the DOT is not supported by substantial evi-

dence in the record. CNW states that the DOT ignored the statutory factors of location, necessity, and expense of the track in its decision, and therefore, its decision is not based on substantial evidence. CNW also argues that the decision of the DOT is unreasonable because the evidence clearly shows that GSF does not use the track. Furthermore, CNW states that as a general public policy, a railroad company cannot be compelled to maintain rail service to an industry customer when service is no longer viable because of the railroad's upgrade of its branch line. *See Texas & Pacific R. Co. v. City of Marshall,* 136 U.S. 393, 10 S.Ct. 846, 34 L.Ed. 385 (1890). CNW claims that the DOT erred by not following this rule.

■ I. *Scope Of Review.* In reviewing a district court decision on the validity of an agency action, we decide only whether the district court has correctly applied the law. *Henry v. Iowa Dep't of Transp., Motor Vehicle Div.,* 426 N.W.2d 383, 385 (Iowa 1988). The district court is itself acting in an appellate capacity to correct errors of law on the part of the agency. *Norland v. Iowa Dep't of Job Service,* 412 N.W.2d 904, 908 (Iowa 1987). This court applies the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as those of the district court. *Henry,* 426 N.W.2d at 385. When the conclusions are the same, we must affirm. *Id.*

■ The scope of review encompasses a review of the entire record and is not limited to the agency's findings. *Higgins v. Iowa Dep't of Job Service,* 350 N.W.2d 187, 191 (Iowa 1984). However, fact findings of an agency are binding on the courts when they are supported by substantial evidence. *Norland,* 412 N.W.2d at 913. Evidence is substantial to support an agency's decision when a reasonable person would find it adequate to reach a conclusion. *Id.* The question is not whether the evidence might support a different finding but whether the evidence supports the findings actually made. *Id.* The fact that two inconsistent conclusions can be drawn from the evidence does not mean that one of those conclusions is unsupported by substantial evidence. *Id.*

■ II. *Substantial Evidence And Reasonable Conclusion.* As noted earlier, in considering an application to discontinue service, section 327G.64(3) requires the DOT to "consider the location, necessity and expense of maintaining such track and other equitable considerations." So long as the agency has considered these factors, the provision authorizes the agency to exercise discretion in determining the weight given to each factor. If that discretion is exercised reasonably, we will not interfere.

We do not agree with CNW in its contention that the agency ignored any of these factors. What is apparent to this court is the agency considered the evidence before it relating to the factors of location, necessity, and maintenance expense but was swayed by the "equitable considerations." The district court properly recognized that the statutory provision allows for "other equitable considerations," concluded the agency's determination was supported by substantial evidence, and upheld the denial of CNW's application to discontinue service to GSF. Because we, too, are convinced the agency considered the statutory factors and exercised its discretion reasonably, we affirm.

■ III. *Public Policy.* We find CNW's cited authority concerning public policy inapposite. The state legislature has enunciated our public policy regarding termination of spur track rail services in section 327G.64(3). That statutory provision requires CNW to apply to the DOT for the discontinuation of service to a spur track. The DOT is required to consider the factors set forth in the statutory provision but is also given discretion in weighing those factors and in determining whether an application should be granted. We have already concluded the agency's decision is supported by substantial evidence and is not unreasonable. For the foregoing reasons, the district court's affirmance of the denial of CNW's application to discontinue service is affirmed.

AFFIRMED.