Pete A. D'Ambrosi, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges Crumlish, Jr., Wilkinson, Jr. and Craig, sitting as a panel of three.

*William M. Panella*, for petitioner.

*Michael Klein*, Assistant Attorney General, with him *Gerald Gornish*, Attorney General, for respondent.

OPINION BY JUDGE CRAIG, December 18, 1978:

Claimant Pete D'Ambrosi appeals from the decision of the Unemployment Compensation Board of Review (Board) disallowing his appeal from the Bureau's denial of unemployment compensation benefits under Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

The Board found that the claimant had voluntarily terminated his employment with Youngstown Window Cleaning Company on December 10, 1976 due to personal reasons, without cause of a necessitous or compelling nature, as required by Section 402(b)(1), and therefore he was ineligible for compensation under the Law. From the Board's final order, the claimant appeals. We affirm.

Having quit his employment, the burden was upon claimant to establish that his cause for doing so was of a necessitous and compelling nature. *Keisling v. Unemployment Compensation Board of Review*, 198 Pa. Superior Ct. 345, 347, 181 A.2d 717, 718 (1962).

Our role here is to determine whether the referee's findings of fact are sufficient to support the legal conclusion that claimant voluntarily, without necessitous or compelling cause, terminated his employment, and if so, whether these findings are supported by substantial evidence. *Unemployment Compensation*

*Board of Review v. Beyer,* 20 Pa. Commonwealth Ct. 17, 21, 340 A.2d 601, 603 (1975).

The documents before the referee, including the Summary of Interview before the Bureau, present claimant's multiple reasons for quitting. In claimant's own words, he was "too busy" and "it was too far" (20 miles each way) to Youngstown for part-time work (4 hours a day, 5 days a week, $9.00 a day) and in winter it was "too hard to drive to Youngstown."[1]

Based upon the evidence, the referee found that:

3. Claimant voluntarily terminated his employment due to personal reasons.

The issue of whether one has voluntarily left his employment is not one of simple fact but is ultimately a question of law, which "necessarily depends upon the underlying facts as found by the compensation authorities." *Unemployment Compensation Board of Review v. Beyer, supra,* at 21, 340 A.2d at 603.

Transportation difficulties can amount to a compensable reason for quitting, but "they must be so

---

[1]Claimant's testimony at the referee's hearing suggested conflicting justifications for termination:

Claimant: Well, when I came in the last day it was December 10th, I said I had work to do in my Beauty Shop and this was the beginning of Christmas vacation so I told her after Christmas vacation she'd have to find somebody else to take the job. I didn't have any transportation. In October I'd lost my car and I was using my father's car and I had no transportation, and when the weather started getting bad, my father wouldn't let me use his car to drive over there at night.

His further testimony was that his wife owned the beauty shop, and that he had to do some cleaning and repair work on it; and that was the reason he gave his employer, although he also said: "The actual reason was that my father wouldn't let me use his car to drive over there anymore . . . because of the bad weather, he didn't feel it was worth the trip for $9.00 and something a night, to drive 40 miles.

serious and unreasonable as to present a virtually insurmountable problem, and the burden of proof lies with the claimant." *Boob v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 624, 625, 337 A.2d 293, 294 (1975).

In *Correa v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977) this Court held that in order to make a showing of necessitous and compelling cause "a claimant must demonstrate that he took reasonable steps to remedy or overcome his transportation problem before he severed his employment." As the record shows in this case, claimant did not give his employer notice of his termination, nor did he contact his employer about his transportation difficulties. Further, there is no evidence in the record of the unavailability of public or other alternate mode of transportation. Mere assertions in claimant's brief to us—as to inadequate public transportation—cannot constitute evidence.

Although the referee's findings are minimal, they are adequate to sustain the determination of a voluntary termination without cause of a necessitous and compelling nature within the meaning of Section 402 (b)(1), 43 P.S. §802(b)(1).

Although claimant sets forth several conflicting reasons for terminating his employment, the resolution of the conflicting evidence and the determination of the credibility of the testimony is for the referee and the Board, and cannot be disturbed on appeal. *Beyer, supra*, at 21, 340 A.2d at 603.

The order of the Board is therefore affirmed.

ORDER

AND NOW, this 18th day of December, 1978, the order of the Unemployment Compensation Board of Review is affirmed.