Joseph Oldynski, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 19, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Louis J. Krzemien, Jr., Gondelman, Baxter, Mansmann & McVerry,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 4, 1981:

The petitioner, Joseph Oldynski, appeals a decision of the Unemployment Compensation Board of Review which held him ineligible for unemployment benefits because he had been discharged for willful misconduct as required in Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

On November 10, 1978, the petitioner failed to report to his employment with Townsend and Bottom, Inc. and on November 13, 1978, he called his employer

to report that his car had been wrecked and that he could not return until November 20, 1978. However, he did not report for work on that date, but he called his employer again on November 22, 1978, to say that he was still looking for a new car. His absence continued through December 1, 1978, without any further notification, and on that date he was discharged for excessive absenteeism.

The petitioner's application for benefits was first granted by the Office of Employment Security, but upon appeal by the employer and after a hearing was held at which evidence was taken, a referee reversed the grant of benefits, holding that the petitioner had been discharged for willful misconduct. The Board affirmed the referee's decision and this appeal followed.

The petitioner contends that there was no showing of willful or wanton behavior on his part sufficient to constitute willful misconduct. He argues that (1) his transportation difficulties amounted to good cause for his absences and, (2) his failure to report his absences more than twice shows no more than simple negligence, not any willful disregard of his employer's interest.

Willful misconduct has been defined as the wanton and willful disregard of the employer's interests; a disregard of behavior standards which the employer has a right to expect from his employee; a deliberate violation of rules; or negligence such as to manifest culpability, wrongful intent or evil design or show an intentional and substantial disregard of the employer's interests or the employee's duties. *Pennsylvania Engineering Corp. v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 305, 405 A.2d 1387 (1979). And this Court has held that absenteeism when coupled with a violation of the employer's rules requiring that absences be reported,

constitutes such willful misconduct. *Pollard v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 645, 382 A.2d 791 (1978). It is true that in *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976), our Supreme Court held that an employee who has good cause for his conduct and can show that his actions were justifiable or reasonable under the circumstances cannot be charged with willful misconduct. And the petitioner claims here that his absences were excusable because his car had been demolished; he lived 35 miles from his work; he could not find a ride with a fellow employee; and he could not reasonably be expected to take public transportation requiring that he travel each way on 2 or 3 different buses.

No cases have been cited here to sustain the claimant's contention that his transportation problems were sufficient to constitute good cause mitigating his absences and our own review of the law indicates that his absences were not for good cause. The record supports the Board's finding that public transportation was available to the job site, and we cannot say that requiring an employee to take 2 or 3 buses to reach his employment created an insurmountable transportation problem. *See Lee v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 461, 401 A.2d 12 (1979); *D'Ambrosi v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 278, 395 A.2d 627 (1978); *Boob v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 624, 337 A.2d 293 (1975).

In addition, we believe that the petitioner's failure to report his absences was a clear violation of the employer's rules in regard to the reporting of absences. There was no dispute as to his knowledge of the rules and the testimony of the employer's representative established that his telephone calls on No-

vember 13 and November 22, 1978, served only as notice for the particular days concerned. His assumption that two reports to his employer were sufficient to meet the notice requirements for the entire period of his absence was clearly unwarranted and amounted to much more than merely simple negligence. He was absent from work for three weeks and his failure to give continuing notice of his employment status evidenced a substantial departure from the sort of behavior which his employer could reasonably have expected, especially in light of the extended time period involved and the availability of alternate transportation. *See Pollard v. Unemployment Compensation Board of Review, supra.*

We will, therefore, affirm the Board's decision denying benefits.

## ORDER

AND Now, this 4th day of March, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.