Eva Oliver, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges Rogers, Craig and MacPhail, sitting as a panel of three.

*Roseann B. Joseph,* for petitioner.

*Charles Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Craig, September 16, 1982:

Claimant Eva Oliver appeals a decision by the Unemployment Compensation Board of Review which, affirming the referee's decision, denied her benefits on the basis of willful misconduct.[1] We affirm.

---

[1] Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). The meaning of willful misconduct "has been judicially developed to encompass the wanton and willful disregard of an employer's interest, a deliberate violation of rules, a disregard of expected behavior standards or negligence manifesting culpability, wrongful intent, evil design or intentional and substantial disregard of the employer's interests or the employe's duties and obligations." *Serban v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 147, 150, 370 A.2d 755, 756 (1977).

Because of her husband's illness, the claimant, a retail clerk, sought and received from her employer a leave of absence from September 29 to December 31, 1980, which, at her request, was extended until February 2, 1981.[2] The claimant, however, did not return to work when her leave of absence expired and did not resume contact with her employer until approximately March 14, 1981.[3] She was notified of her discharge on that day.

In her defense, the claimant asserts that (1) because the company had no formal rules or regulations governing notification, she was unaware of any duty to notify her employer of the date she planned to return to work and (2) that, even if she failed to notify

---

In unemployment compensation cases, the employer has the burden of proving willful misconduct, *Lee v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 480, 426 A.2d 757 (1981); an employee has the burden of justifying alleged misconduct by a showing of good cause. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 140, 409 A.2d 126, 127 (1979).

[2] The record indicates that August 27, 1980 was claimant's last day of work. There is no testimony in the record accounting for the one-month gap between claimant's final date of employment and the first day of her authorized leave. It does not appear, however, that the referee considered this gap relevant to his finding of willful misconduct.

[3] Referee's Finding of Fact No. 5. One of the employer's representatives testified that claimant called her personally on or about March 14, 1981. A second employer's representative testified that claimant called him on either March 16 or 17, 1981. Claimant asserts that she first contacted her employer at the end of February. The referee found that claimant did not contact her employer until "about March 14, 1981."

Claimant also asserts that the testimony of the employer's representatives was hearsay. We cannot agree. The hearsay rule has no application where the question is whether certain things were said by a third person and not whether they are true. *Commonwealth v. Jacobs*, 445 Pa. 364, 367, 284 A.2d 717, 719 (1971), *cert. denied* 409 U.S. 856 (1972).

her employer within a reasonable period of time of the reasons for her absence, she was justified because the depression stemming from her husband's death constituted "good cause."[4]

Given our limited scope of review, we find that there is sufficient evidence in the record to negate the claimant's assertion that she had no knowledge of the employer's notification policies; she knew enough to contact the company when seeking an extension of her authorized leave, and by her own admission, notified her supervisor in late February that she was ready to resume work.

This court has held that willful misconduct exists where there is evidence of absenteeism coupled with a violation of a requirement that absences be reported.[5]

Moreover, with respect to satisfying her burden as to justification for her six weeks of silence, the claimant offered no evidence to show that her depression was so debilitating that it rendered her incapable of contacting her supervisors from February 2, 1981 to March 15, 1981.[6]

The claimant also contends that the referee did not afford her an adequate opportunity to defend her actions, thereby denying her due process of law, because, although she was informed of her right to counsel and of her right to present and cross-examine witnesses, she was not asked if she understood those rights. Under the rule which we laid down in *Katz v.*

---

[4] The record does not reveal when claimant's husband died.

[5] *Oldynski v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 285, 287-88, 426 A.2d 213, 214 (1981).

[6] Claimant merely testified that she was "really depressed over my husband's death and I didn't want to go back to a job that I wasn't going to do right." The only other evidence documenting claimant's depression was a physician's certificate dated March 21, 1981, which indicates that claimant received treatment for her depression on January 8, 1981 and that as of March 15, 1981 she was considered capable of accepting gainful employment.

*Unemployment Compensation Board of Review*[7] interpreting the regulations[8] which govern the conduct of referees in unemployment compensation hearings, the referee discharged his obligation by informing the claimant of her right to counsel and of her right to offer witnesses and to cross-examine adverse witnesses. Moreover, the record does not indicate that the referee failed to meet his regulatory mandate "compatible with the impartial discharge of ... [his] official duties."[9]

Thus the board did not abuse its discretion when it refused to receive additional evidence concerning claimant's unexcused absences. The referee heard evidence on these matters and provided the claimant with ample opportunity to present additional evidence. *See Keiper v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 601, 434 A.2d 874 (1981).

## ORDER

Now, September 16, 1982, the order of the Unemployment Compensation Board of Review, Decision No. B-197020, denying benefits to Eva Oliver, is hereby affirmed.

---

[7] 59 Pa. Commonwealth Ct. 427, 429, 430 A.2d 354, 355 (1981).

[8] 34 Pa. Code §101.21(a).

[9] 34 Pa. Code §101.21(a). The record does not support claimant's contention that the referee questioned her in "an adversary manner and [that] he intimidated her."