Theodore R. FRIMET, Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 19, 2013.

Decided Oct. 4, 2013.

22

Theodore R. Frimet, pro se.

Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

Christopher G. Giovanis, Assistant Counsel, Harrisburg, for intervenor Office of Unemployment Compensation Benefits.

BEFORE: PELLEGRINI, President Judge, SIMPSON, Judge, and McCULLOUGH, Judge.

**1.** Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h). Section 402(h) of the Law states an employee shall be ineligible for compensation for any week in which he is engaged in self-employment.

OPINION BY Judge SIMPSON.

In this administrative agency appeal we must decide how the exhaustion of regular unemployment compensation (UC) benefits and allowances under the now-inactive Self–Employment Assistance (SEA) Program impacts eligibility for extended unemployment compensation benefits. There are few cases addressing this area, and the Unemployment Compensation Board of Review (Board) asserted in its decision that the answer to this question was not clear at the time the self-employed claimant applied for emergency unemployment compensation (EUC) benefits.

In particular, Theodore R. Frimet (Claimant) representing himself, petitions for review of an order of the Board that determined Claimant ineligible for EUC benefits under Section 402(h) of the Unemployment Compensation Law (Law) [1] after he exhausted his SEA allowances. Upon review, we affirm.

## I. Background

The Board made the following findings. In May 2009, Claimant separated from his previous employer, Bucks County Type and Design. Thereafter, he began receiving regular UC benefits.

In July 2009, Claimant signed an SEA agreement and entered into the program. In the SEA Program, Claimant received SEA allowances in lieu of, but in the same weekly amount as, regular UC benefits. In October 2009, Claimant began SEA training on how to start and operate a business. While in the SEA Program, Claimant started a postal consulting business, a sole proprietorship, under the name TRFrimet (the Business).

Claimant exhausted his SEA allowances in November 2009. He then opened a claim for EUC benefits. Although Claimant exhausted his SEA allowances, the Department of Labor and Industry, Office of Unemployment Compensation Benefits (Department) required him to make regular reports about the Business. Claimant continued to operate the Business as of the date of the referee's hearing in February 2010. He operated the Business free from control by anyone else.

An initial determination denied Claimant's application for EUC benefits under Section 402(h) of the Law (ineligible while engaged in self-employment). On Claimant's appeal, however, a referee reversed the initial determination and awarded EUC benefits on the basis that Claimant remained engaged in "self-employment assistance activities" as defined by Section 2 of the Self–Employment Assistance Program Act (SEA Act),[2] 43 P.S. § 920.2.

The Department then intervened and appealed to the Board. In reversing the referee, the Board observed Section 4001(d)(2) of the Emergency Unemployment Compensation Act of 2008 (EUC Act of 2008)[3] provides that the terms and conditions of state law that apply to regular UC claims also apply to claims for EUC benefits. The Board noted that the SEA Act, which became effective in 1997 but is no longer active, authorized a training program that provided payment of weekly SEA allowances, in the same amount and duration as regular UC benefits, to claimants who participated in SEA activities and were actively engaged on a full-time basis in efforts to establish a business and

become self-employed. *See* Section 5(a) of the SEA Act, 43 P.S. § 920.5(a). The self-employment ineligibility provisions of Section 204(h) "are not applicable to income earned from self-employment by such *program participant*." Section 5(a)(2) of the SEA Act, 43 P.S. § 920.5(a)(2) (emphasis added).

Ultimately, the Board reasoned that upon Claimant's exhaustion of his SEA allowances, he ceased to be an SEA Program participant. Thus, the SEA's immunity from disqualification based on self-employment no longer applied. As a result, Claimant's continuing self-employment disqualified him from EUC benefits under Section 402(h) of the Law. Claimant petitions for review.

## II. Discussion

### A. Procedural Due Process

Claimant presents several uncounseled arguments in his brief.[4] First, he contends the referee and the Board failed to properly assist him during the proceedings. Claimant further asserts the Board erred in considering the Department's brief because the Department failed to submit it to the Board within the "ten day window" provided "on UC appeal forms provided to every claimant." *See* Claimant's Br. at 10.

■ To begin, Board regulations governing the conduct of hearings provide that "[w]here a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every

---

2. Act of November 26, 1997, P.L. 504.

3. Title IV of Pub. Law 110–252, 122 Stat. 2353; *see* 26 U.S.C. § 3304 note.

4. Our review is limited to determining whether the necessary findings of fact were

supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Lello v. Unemployment Comp. Bd. of Review*, 59 A.3d 1153 (Pa.Cmwlth.2013).

assistance compatible with the impartial discharge of its official duties." 34 Pa. Code § 101.21(a). Further, this Court recognizes that a UC referee discharges his due process obligation to an uncounseled claimant by informing the claimant of his right to counsel, his right to offer witnesses and his right to cross-examine adverse witnesses. *Oliver v. Unemployment Comp. Bd. of Review,* 69 Pa.Cmwlth. 98, 450 A.2d 287 (1982).

Here, the referee advised Claimant of these rights, and Claimant acknowledged he understood them. *See* Notes of Testimony (N.T.), 2/18/10, at 2, 4. As such, we discern no due process violation by the referee. *Oliver.*

Claimant, however, argues the Board should have disregarded the Department's brief as untimely filed. We disagree. The record shows the Department filed a timely petition for appeal from the referee's decision and order, and a request for permission to file a brief. Certified Record (C.R.) at Item # 14. The Board granted the Department's request to file a brief and notified the Department by letter that the Board must receive the brief by August 31, 2010. C.R. at Item # 15. The record shows the Board received the Department's letter brief on August 31, 2010. C.R. at Item # 16. Consequently, the Board did not err or abuse its discretion in accepting the Department's brief.[5]

### B. Merits

#### 1. Eligibility for EUC Benefits

 Claimant also presents several arguments challenging the merits of the Board's determination of his ineligibility for EUC benefits under Section 402(h) of the Law based on his self-employment. The issue of whether a UC claimant is self-employed is a question of law subject to plenary review. *Tracy. v. Unemployment Comp. Bd. of Review,* 23 A.3d 612 (Pa. Cmwlth.2011). A claimant may be classified as self-employed only where it is shown that he is not subject to his employer's control and he is customarily engaged in an independently established trade. *Unemployment Comp. Bd. of Review v. Kessler,* 27 Pa.Cmwlth. 1, 365 A.2d 459 (1976).

Here, the Board found that in May 2009, Claimant began receiving regular UC benefits in the amount of $483.00 per week. Bd. Dec., 12/17/12, Finding of Fact (F.F.) No. 1. In July 2009, Claimant signed an SEA agreement, and he was accepted into the SEA Program. F.F. No. 2. While in the SEA Program, Claimant started the Business, a postal consulting business. F.F. No. 7. Claimant testified he did generate some income when he started his business. N.T. at 26.

 The SEA Program "was designed to assist dislocated workers in becoming self-employed." *Continuous Metal Tech., Inc. v. Unemployment Comp. Bd. of Review,* 740 A.2d 1219, 1222 (Pa.Cmwlth. 1999). An individual needed state approval to participate in the SEA Program. *Id.* To remain eligible for the SEA Program, *"an individual must dedicate his or her*

---

5. Claimant also states in his brief that he disagrees with the Board's determination that the Department had a direct, substantial and immediate interest in this case. However, Claimant waived this issue by failing to raise it in his petition for review from the Board's final order. *Jimoh v. Unemployment Comp. Bd. of Review,* 902 A.2d 608 (Pa.Cmwlth. 2006). In any event, we discern no error or abuse of discretion in the Board's decision to permit the Department, which administers all UC claims in Pennsylvania, to intervene and file a brief challenging the referee's decision, which found Claimant to be self-employed, but nevertheless awarded him EUC benefits under the immunity from disqualification due to self-employment provided in Section 5(a)(2) of the SEA Act, 43 P.S. § 920.5(a)(2).

*full-time activities to pursuing self-employment."* *Id.* (emphasis added).

■ The Board further found Claimant exhausted his SEA allowances in November 2009 and applied for EUC benefits.[6] F.F. No. 8. However, at the time of his EUC application, Claimant continued to operate the Business. F.F. No. 9. The record supports this finding. At the referee's hearing, Claimant testified on cross-examination that he is the sole proprietor of the Business and he makes his own decisions. N.T. at 38.

In addition, Claimant admitted filling out a SEA questionnaire entitled "Self-Employment Information," signed and dated by Claimant in December 2009 and submitted into evidence as Ex. 14D. *See* C.R., Item # 6 (Additional Service Center Documents), Ex. 14D. In this document, Claimant described the Business and the methods of advertising he used (phone, e-mail, business cards, postcards, website). *Id.* Claimant also indicated the Business is still active and that he did not cease self-employment efforts. *Id.*

Further, the Department introduced into evidence a printout of Claimant's website for the Business (*"www.postal professor.net"*), dated February 12, 2010. *See* N.T., Dep't Ex. D–5. The website specified the services offered by the Business and the prices. *Id.* The website also included the Business's phone number and mailing address. *Id.*

In light of this evidence, we conclude that substantial evidence[7] supports the Board's finding that Claimant remained engaged in self-employment at the time of his EUC application. *See Starinieri v. Unemployment Comp. Bd. of Review,* 447 Pa. 256, 289 A.2d 726 (1972) (an individual who owns and controls his own business is considered self-employed for purposes of Section 402(h) of the Law); *LaChance v. Unemployment Comp. Bd. of Review,* 987 A.2d 167 (Pa.Cmwlth.2009) (individuals who engage in business and the solicitation of clients are viewed as self-employed, regardless of whether they receive any income from their efforts). Consequently, the Board's findings support its conclusion that Claimant was ineligible for EUC benefits under Section 402(h) of the Law because he continued to engage in self-employment at the time of his EUC application. *Starinieri; LaChance.*

■ Claimant received immunity from Section 402(h) disqualification due to self-employment while an SEA "program participant" under Section 5(a)(2) of the SEA Act. Importantly, part of the statutory definition of "program participant"[8] requires

---

6. Section 4001(b) of the EUC Act of 2008 requires that a claimant exhaust all regular UC benefits with respect to that benefit year. *See* 26 U.S.C. § 3304 note.

7. Substantial evidence is defined as evidence that a reasonable mind might accept as sufficient to support the conclusion reached. *Bruce v. Unemployment Comp. Bd. of Review,* 2 A.3d 667 (Pa.Cmwlth.2010). Where substantial evidence supports the Board's findings, they are conclusive on appeal. *Id.* Further, it is irrelevant whether the record contains evidence supporting findings other than those made by the Board; the proper inquiry is whether the record supports the findings actually made. *Id.*

8. Section 2 of the SEA Act, 43 P.S. § 920.2 (emphasis added), defines **"program participant"** as "[a]n individual:

(1) who is selected for participation in the program, at the discretion of the Department of Labor and Industry, from among *individuals who are eligible for regular benefits* and are identified as through a worker profiling system as likely to exhaust regular benefits;

(2) who is eligible for funding for participation in the program;

(3) for whom the funding for participation in the program is available; and

(4) who has not been terminated from or voluntarily left the program.

that individuals must be "eligible for regular benefits." Section 2 of the SEA Act, 43 P.S. § 920.2.

A program participant cannot receive more in SEA allowances than he could in regular UC benefits. Section 4 of the SEA Act, 43 P.S. § 920.4. Therefore, after exhausting his combination of regular UC benefits and SEA allowances, Claimant was no longer a "program participant." In sum, Claimant's SEA immunity from Section 402(h) ineligibility expired when Claimant's 26 weeks of regular UC benefits were exhausted and he was no longer a defined "program participant."

At first blush, this conclusion seems inconsistent with the result in *Stine v. Unemployment Compensation Board of Review*, 833 A.2d 1192 (Pa.Cmwlth.2003) (exhaustion of regular UC benefits and SEA allowances does not preclude eligibility for temporary extended benefits). Upon further analysis, however, we realize our decision in *Stine* does not control.

The issue in *Stine* was whether the claimant exhausted her regular UC benefits so that she was eligible for temporary extended unemployment compensation (TEUC) benefits. This Court held that in deciding the exhaustion-of-benefits issue, authorities should consider the sum of regular UC benefits and SEA allowances. *Id.* at 1195. That is the approach we use here. The Court in *Stine* was not asked to determine, and we did not determine, how the exhaustion of benefits impacted the SEA Act immunity from self-employment disqualification. For this reason, the decision in *Stine* does not compel a different result here.

█ Claimant, however, contends the UC service center assured him he was not jeopardizing his eligibility for EUC benefits by his SEA participation. He thus asserts it would be inequitable to deny him EUC benefits after providing these assurances.

Claimant does not develop his argument as to which service center official or employee advised him, when that occurred, or how it may have impacted his conduct. Nevertheless, the Board admitted in its decision that the issue was not well understood at the time.

Unfortunately, if mistaken advice was given, it does not by itself entitle Claimant to equitable relief here. *See Sturni v. Unemployment Comp. Bd. of Review*, 155 Pa.Cmwlth. 501, 625 A.2d 727 (1993) (where the Law does not warrant a ruling in the claimant's favor, we lack equitable power to ignore the Law); *Finnegan v. Pub. Sch. Emp. Ret. Bd.*, 126 Pa.Cmwlth. 584, 560 A.2d 848 (1989), *aff'd per curiam*, 527 Pa. 362, 591 A.2d 1053 (1991) (Commonwealth government cannot be subject to the acts of its agents and employees where those acts are outside the agent's powers, in violation of positive law or are acts that require legislative or executive action; to decide otherwise would be tantamount to giving employee errors the effect of amending the substance of a statute). This is especially true given the statutory definition of "program participant" as someone eligible for regular benefits. Consequently, Claimant's equitable estoppel argument fails.

In summary, upon Claimant's exhaustion of SEA benefits, which he received in lieu of 26 weeks of regular UC benefits, he could no longer be considered a SEA Program participant. Sections 920.4 and 920.5(a)(2) of the SEA Act. As a result, Claimant could not receive EUC benefits while self-employed on the basis of SEA immunity under Section 902.5(a)(2) of the

SEA Act.[9]

## 2. Independent Contractor Analysis

Claimant also contends the Board erred in finding him customarily engaged in an independently established trade. As support, Claimant cites our recent decisions in *Minelli v. Unemployment Compensation Board of Review*, 39 A.3d 593 (Pa.Cmwlth. 2012) and *Silver v. Unemployment Compensation Board of Review*, 34 A.3d 893 (Pa.Cmwlth.2011). Essentially, *Minelli* and *Silver* hold that claimants receiving UC benefits were not disqualified as independent contractors under Section 4(*l*)(b)(2) of the Law, 43 P.S. § 804 (*l*)(b)(2), where they worked only sporadically, or on an as-needed basis, in sideline activities that were insufficient to establish the claimants were customarily engaged in an independently established trade, occupation, profession or business.

The present case, however, is distinguishable from *Minelli* and *Silver* on the basis that Claimant, while receiving regular UC benefits, opted to participate in the SEA Program designed to train unemployed workers to become self-employed. *Continuous Metal.* To continue eligibility in the SEA Program, an individual must fully commit to pursuing self-employment. *Id.* While in the SEA Program, Claimant started his own business, which he continued to operate at the time he exhausted his SEA allowances and applied for EUC benefits.

■ As such, in light of Claimant's participation in the SEA Program, his exhaustion of SEA allowances, and his efforts to maintain the Business at the time of his application for EUC benefits, we must reject Claimant's contention that he is entitled to EUC benefits under *Minelli* and *Silver*. As discussed above, individuals who engage in business and the solicitation of clients are viewed as self-employed, regardless of whether they received any income from their efforts. *LaChance.*

## 3. Sideline Activity Exception

■ However, in *Kress v. Unemployment Compensation Board of Review*, 23 A.3d 632 (Pa.Cmwlth.2011), we recognized there is a "sideline activity" exception to the general disqualification for self-employment in Section 402(h). In *Kress*, we stated (with emphasis added):

> Under Section 402(h) of the law, an employee who engages in self-employment is ineligible for benefits unless *(1) the self-employment began prior to the termination of the employee's full-time employment; (2) the self-employment continued without substantial change after the termination;* (3) the employee remained available for full-time employment; and (4) the self-employment was not the primary source of the employee's livelihood.

*Id.* at 636.

Here, however, Claimant did not start the Business as a sideline activity while working for his previous employer. Rather, Claimant started the Business while he was unemployed and a participant in the SEA Program. Thus, Claimant cannot meet either the first or second prongs of the sideline activity exception to self-employment ineligibility in *Kress*.

9. The Department asserts that Sections 2181 through 2184 of the Middle Class Tax Relief and Job Creation Act of 2012, Title II of Pub. L. 112–96, 126 Stat. 182 (2012), provide states with the authority to adopt SEA programs for the payment of SEA allowances in lieu of EUC benefits. However, the Department notes, Pennsylvania has not yet done so. In any event, Claimant filed his EUC claim in 2009, long before the 2012 Middle Class Tax Relief Act.

### III. Conclusion

For the above reasons, we discern no error or abuse of discretion in the Board's order holding Claimant ineligible for EUC benefits under Section 402(h). Accordingly, we affirm.

### ORDER

**AND NOW**, this 4th day of October, 2013, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

DISSENTING OPINION BY Judge McCULLOUGH.

Respectfully, I dissent. In this case, the Majority considers how the exhaustion of benefits paid in lieu of unemployment compensation under the now-inactive Self–Employment Assistance (SEA) Program Act, Act of Nov. 26, 1997, P.L. 504, 43 P.S. §§ 920.1–920.12, affects a claimant's eligibility for emergency unemployment benefits.[1] I would refrain from deciding this important issue because it is not properly preserved nor competently addressed by this *pro se* appellant.

The claimant's Statement of Questions Involved sets forth the following for our consideration:

Why was I not provided a prima facie right to compel the Board to disregard states [sic] brief?

There is there [sic] not a procedural consideration by both the trial court, and its reviewer to make observations of omissions of fact, weighing in to the benefit of claimant?

Why is a Board of Review permitted to dictate to a claimant that there is a lack

of clarity as a finding of fact, when the fact in question is one of persistence; a conveyance from the state's agency finding for the claimant, before he ever became a claimant?

Why am I jeopardized by the state, and its review process, to assure me program participation, and create an inequitable environment on which to proceed?

Why do I find, at each turn of the review process, that my original writings are suppressed?

If a two-prong test does in fact exist, why was I not provided leeway to apply said test?

Why is it permitted that the Board of Review redirects its claimants' [sic] to invalid proceedings?

(Claimant's brief at 6.)

Pa.R.A.P. 2116(a) directs that "the statement of the questions involved ... will be deemed to include every subsidiary question fairly comprised therein." However, "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Our courts have repeatedly held that an issue not raised in the statement of the questions involved is deemed waived. *See, e.g., Commonwealth v. Unger,* 494 Pa. 592, 432 A.2d 146 (1980); *McCall v. Unemployment Compensation Board of Review,* 717 A.2d 623 (Pa.Cmwlth.1998). Although an appellate court may, for good cause shown, disregard the requirements of the appellate rules, Pa.R.A.P. 105, I believe that disregarding the rule under these circumstances is particularly inappropriate as the Majority opinion decides an issue of first impression.

---

1. Specifically, the Majority holds that after being invited to participate in the SEA program and receiving four weeks of training, Thomas R. Frimet is now ineligible for unemployment compensation benefits under section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(h), because he is self-employed.

Unlike the Majority, I would acknowledge the claimant's failure to present a cognizable issue in his Statement of Questions Involved, and I also would acknowledge the numerous and significant deficiencies in the argument section of his brief. For these reasons, I would not decide the general question of how exhaustion of SEA benefits impacts a claimant's eligibility for emergency unemployment benefits but instead would dismiss this appeal.