# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna L. Adriance,            :
           Petitioner        :
           :
        v.            :    No. 1727 C.D. 2018
           :    Submitted: July 19, 2019
Unemployment Compensation      :
Board of Review,            :
           Respondent     :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ROBERT SIMPSON, Judge[1]
                HONORABLE MICHAEL H. WOJCIK, Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: October 11, 2019**

       Donna L. Adriance (Claimant), representing herself, petitions for review from an order of the Unemployment Compensation Board of Review (Board), finding her ineligible for unemployment compensation (UC) benefits under Section 402(e) of the UC Law (Law).[2] Claimant argues the Board's findings are not supported by substantial evidence. Upon review, we affirm.

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, <u>as</u> <u>amended</u>, 43 P.S. §802(e) (relating to willful misconduct).

Claimant worked part-time as an in-home support worker with Step by Step (Employer) from March 2008, until her last day worked on May 30, 2018. Bd. Op., 11/9/18, Finding of Fact (F.F.) No. 2. Employer provides services to individuals with intellectual disabilities (consumers) by assisting them with integrating into the community and daily living skills. F.F. No. 3. On average, Claimant worked 19 hours a week. F.F. No. 2.

Part of Claimant's job included transporting the consumer around his or her community in her own vehicle. F.F. No. 4. Employer reimbursed employees for mileage in connection with these duties. F.F. No. 5. Employer's policy requires its employees to provide accurate documentation of their mileage. F.F. No. 14; Certified Record (C.R.), Item No. 3, at 20. Claimant knew or should have known to document the farthest location of her travel, including all of her trips, on her submitted expense report. F.F. No. 6.

On May 30, 2018, during her review of employee expense reports, Employer's coordinator for in-home and community supports (Coordinator) noticed a discrepancy in Claimant's reported mileage. F.F. No. 8. Claimant had one consumer in April and May 2018, yet, she submitted reports indicating a mileage reimbursement for 537 miles in April 2018. F.F. Nos. 7, 9. Based on Coordinator's familiarity with the community, she believed this mileage looked inflated, so she attempted to verify Claimant's reported mileage with Google Maps. F.F. Nos. 8, 10. Using Google Maps, Coordinator determined Claimant traveled, at most, 190.7 miles in connection with her work duties in April 2018. F.F. No. 10.

When Employer provided Claimant an opportunity to resolve this conflict, Claimant could not explain the discrepancy in her mileage. F.F. No. 11. Employer suspended Claimant on May 30, 2018, pending her termination, and it afforded her the opportunity to file a grievance, voluntarily resign, or be terminated. F.F. No. 12. On June 19, 2018, Employer officially terminated Claimant from her employment for falsifying expense reports, misusing Employer's funds, and failing to follow Employer's policy. F.F. No. 13.

Claimant applied for UC benefits, which the local service center granted. Employer appealed the determination. A referee held a hearing where Coordinator testified on behalf of Employer and Claimant testified on her own behalf. Claimant also requested a subpoena for her former supervisor to testify concerning her exceptional performance evaluation in April 2018. Deeming it immaterial, the referee denied her request.

Coordinator testified she started her current position in April 2018. Part of this new role included reviewing expense reports and supervising Claimant. When reviewing expense reports, Coordinator relied heavily on the employee's provided explanation to justify any irregularities in the reported mileage. She noted Claimant's April 2018 expense report "kind of jumped out at [her]" as a red flag, leading her to consult with Google Maps. Referee's Hr'g, Notes of Testimony (N.T.), 8/10/18, at 9. Coordinator confirmed Claimant was aware of Employer's policy concerning expense reports. She also testified that Claimant did not explain the mileage discrepancy during the May 30, 2018 meeting, or during the grace period preceding her termination.

During her testimony, Claimant insisted that she recorded her mileage consistent with Employer's longstanding practice. Claimant submitted her expense reports for 10 years without incident. Pursuant to the training she received from her prior supervisor, Claimant calculated her mileage by documenting the odometer reading when she picked the consumer up and subtracting that number from the odometer reading when she dropped the consumer off at the end of the day. She explained that she may transport a consumer to multiple destinations daily. She testified there was no instruction to report the mileage between every destination and not enough room on the form to indicate every place she transported the consumer. Claimant stated she did, however, document a complete list of trips in her notes, which were not included in her submitted expense report to Employer.

As her former supervisor was on medical leave, Claimant met Coordinator for the first time at their May 30, 2018 meeting. Claimant was unaware of any problems with her expense report until she arrived at the meeting, and she was unprepared to defend her reported mileage at that time.

The referee reversed the local service center, finding Claimant ineligible for UC benefits under Section 402(e) of the Law, starting June 23, 2018. The referee concluded Employer presented "overwhelming evidence" of Claimant's falsification of expense report by significantly inflating her reimbursement mileage. Referee's Dec., 8/10/18, at 3.

4

Aside from making an additional finding,[3] the Board affirmed the referee's decision, and it adopted and incorporated her findings. The Board did not credit Claimant's explanation for the discrepancy between her reported miles and the miles Coordinator derived from Google Maps. Specifically, the Board found Claimant's inflation of her reported mileage violated Employer's policy requiring accurate documentation. The Board concluded Claimant's actions constituted willful misconduct under Section 402(e) of the Law. The Board also found the referee did not err in denying Claimant's subpoena request because testimony concerning her work performance was immaterial to the reason for her discharge, *i.e.*, submitting inflated mileage on her expense reports.[4] Claimant now petitions for review.[5]

Claimant asserts the Board's finding that she falsified her expense reports by inflating her mileage is not supported by substantial evidence.[6] Seemingly, Claimant argues she reported her mileage based on the readings of the odometer,

[3] The Board found Employer has a policy holding employees "responsible for accurately recording the use of all employer resources." Bd. Op., 11/9/18, Finding of Fact (F.F.) No. 14. The record reflects this policy provides, "Documentation must be accurate and current at all times." Certified Record (C.R.), Item No. 3.

[4] Before the Board, Claimant challenged the fairness of the hearing because she had no counsel present. However, as she did not present the issue to this Court in her petition for review or in her brief, it is not before us. Jimoh v. Unemployment Comp. Bd. of Review, 902 A.2d 608 (Pa. Cmwlth. 2006).

[5] Our review is limited to determining whether the Board's findings were supported by substantial evidence, whether the Board committed an error of law, or whether constitutional rights were violated. Dep't of Corr. v. Unemployment Comp. Bd. of Review, 943 A.2d 1011 (Pa. Cmwlth. 2008). In UC proceedings, the Board's findings of fact are conclusive on appeal as long as they are supported by substantial evidence. Grieb v. Unemployment Comp. Bd. of Review, 827 A.2d 422 (Pa. 2003).

[6] "Substantial evidence is defined as evidence a reasonable mind might accept as sufficient to support the conclusion reached." Frimet v. Unemployment Comp. Bd. of Review, 78 A.3d 21, 26 n.7 (Pa. Cmwlth. 2013).

consistent with her training, without incident for 10 years. She notes Employer never asked her to use Google Maps or provide her with a means to access Google Maps.

Pursuant to Section 402(e) of the Law, 43 P.S. §802(e), a claimant is ineligible for UC benefits when an employer terminates her employment for willful misconduct. Our Court defines willful misconduct as: (a) a wanton or willful disregard for an employer's interests; (b) a deliberate violation of an employer's rules; (c) a disregard for standards of behavior which an employer can rightfully expect; or (d) negligence indicating an intentional or substantial disregard of an employer's interest or an employee's duties or obligations. Klampfer v. Unemployment Comp. Bd. of Review, 182 A.3d 495 (Pa. Cmwlth. 2018). A claimant's deliberate violation of an employer's reasonable policy may constitute willful misconduct under Section 402(e) of the Law. Chapman v. Unemployment Comp. Bd. of Review, 20 A.3d 603 (Pa. Cmwlth. 2011). The employer must first prove the existence of a work rule and the claimant's knowledge and violation of this rule. Id. If the employer satisfies its burden of proof, the burden then shifts to the claimant to prove good cause, meaning her actions were justified and reasonable under the circumstances. Id.

Here, the Board found Employer's policy required employees to submit accurate and current documentation. At the hearing, Coordinator testified Claimant knew how to document expense reports for Employer.[7] See N.T. at 8.

---

[7] Further, this Court consistently recognizes a deliberate falsification of employment records constitutes a disregard of behavioral standards an employer can rightfully expect from its employees. Nolan v. Unemployment Comp. Bd. of Review, 425 A.2d 1203 (Pa. Cmwlth. 1981).

6

Although not fully developed in Claimant's uncounseled brief, we interpret Claimant's argument as an allegation that Employer changed its policy regarding expense reports without notice. However, Claimant mistakenly conflates her *method* of calculating mileage with the *result* of her calculated mileage. She was required to accurately report her mileage for reimbursement. Thus, the issue with Claimant's expense report was not her use of an odometer to calculate mileage, but rather, the gross discrepancy between her reported mileage and Coordinator's estimated calculations based on the reported destinations. Whichever method Claimant used to calculate miles traveled, it should be capable of confirmation by another source. Claimant's submitted April 2018 expense report[8] reads as follows.[9]

| April 2018 | |
|---|---|
| Reported Mileage (Claimant) | Confirmed Mileage (Coordinator) |
| 56 | 20.5 |
| 48 | 18.2 |
| 63 | 17 |
| 65 | 29.3 |
| 44 | 13.6 |
| 42 | 9.5 |
| 59 | 21.5 |
| 39 | 17.8 |
| 42 | 13.7 |
| 56 | 20.2 |
| 59 | 9.4 |
| Total: 523 | 190.7 |

See C.R., Item No. 3, at 10.

---

[8] The record also reflects Claimant submitted inflated mileage for May 2018. See C.R. Item No. 3, at 15.

[9] The left column indicates Claimant's reported mileage entries, and the right column shows Coordinator's estimated mileage corrections using Google Maps.

As the sole justification for her inflated mileage, Claimant testified she was forced to take long detours because of the frequent electrical storms in April. See N.T. at 21. But, Coordinator's credited testimony established this was not a discrepancy of a few miles that could be justified by taking a different route. To the extent Claimant tried to explain the discrepancies in her reported mileage, the Board found her explanation unavailing. Claimant provides no explanation, such as a faulty odometer, or typographical errors in her report, to justify the substantial gap (332.3 miles) between her reported mileage and Coordinator's estimates.

Although Claimant testified she listed all of the trips with the consumer in her personal notes, she did not attempt to submit these notes or other documentary evidence at the referee's hearing to corroborate her testimony. Critically, the Board did not credit Claimant's testimony regarding the mileage discrepancy.

As the ultimate fact-finder in UC matters, the Board is entitled to make its own credibility determinations regarding witnesses. Serrano v. Unemployment Comp. Bd. of Review, 149 A.3d 435 (Pa. Cmwlth. 2016). These determinations are within the sound discretion of the Board and may not be questioned on judicial review. Id.

There is no dispute Employer required accurate documentation from its employees. Because Employer established Claimant's inaccurate documentation of her mileage, the burden shifted to Claimant to establish good cause for her actions. Chapman. She did not meet this burden.

8

During their May 30, 2018 meeting, Claimant had no explanation for the inconsistencies in her expense report, despite having only conducted these trips a month earlier. During the three weeks Employer afforded Claimant following her suspension to file a grievance, Claimant did not avail herself of Employer's internal remedies. Claimant's claimed use of an odometer, without further explanation, fails to resolve the inconsistency between her reported mileage using an odometer and Coordinator's results using Google Maps. Therefore, Claimant did not establish good cause to excuse her submission of inaccurate, or at a minimum, incomplete, mileage reports.

Coordinator's credited testimony and Employer's submissions constitute substantial evidence to support the Board's findings that Claimant did not submit accurate reports of her mileage. Consequently, the Board properly concluded Claimant's actions rose to the level of willful misconduct under Section 402(e) of the Law. Accordingly, we affirm the Board's order.

_____
ROBERT SIMPSON, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna L. Adriance,                                  :
                        Petitioner                  :
                                                    :
        v.                                          :       No. 1727 C.D. 2018
                                                    :
Unemployment Compensation                           :
Board of Review,                                    :
                        Respondent                  :


# **O R D E R**

**AND NOW**, this 11th day of October 2019, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.


_____
ROBERT SIMPSON, Judge